1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

\* \* \*

7

JUSTIN EDMISTEN,                                      Case No.   2:14-cv-1708-GMN-VCF

8

Plaintiff,                              ORDER

9

v.

10

R. YANAGIHARA et al.,

11

Defendants.

12

13       This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by

14   a county prisoner.  On February 10, 2015, Magistrate Judge Ferenbach issued an order

15   directing Plaintiff to file his current address within the Court within 30 days from the date

16   of that order.  (ECF No. 2 at 2).  The thirty-day period has now expired, and Plaintiff has

17   not filed his current address with the Court or otherwise responded to the Court's order.

18       District courts have the inherent power to control their dockets and "[i]n the

19   exercise of that power, they may impose sanctions including, where appropriate . . .

20   dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

21   (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure

22   to prosecute an action, failure to obey a court order, or failure to comply with local rules.

23   *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance

24   with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal

25   for failure to comply with an order requiring amendment of complaint);  *Carey v. King*,

26   856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule

27   requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal*

28   *Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file his current address with the Court within thirty days expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 2 at 2).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file his current address within thirty days.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** based on Plaintiff's failure to file his current address with the Court in compliance with this Court's February 10, 2015, order.

1   **IT IS FURTHER ORDERED** that the motion to proceed *in forma pauperis* (ECF

2   No. 1) is **DENIED as moot**.

3   **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment

4   accordingly.

5   **DATED** 17th day of March, 2015.

6

7   _____

   Gloria M. Navarro, Chief Judge

8   United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28